IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN YBANEZ,

    Plaintiff,

    v.                                        No. CIV 11-1124 BB/LFG

JUDGE J. RICHARD BROWN,
FIFTH JUDICIAL DISTRICT COURT,
COUNTY OF EDDY,
STATE OF NEW MEXICO,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated, appears pro se, and has filed a Motion For Free Process (Doc. 3), which the Court construes as a motion for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For reasons set out below, the complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not

prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names as Defendants Judge J. Richard Brown and the New Mexico Fifth Judicial District Court. Plaintiff alleges that in his state criminal proceedings Defendant Brown imposed a prison term that exceeded the sentence for the crime that Plaintiff committed. Plaintiff contends that Defendants' actions violated his Federal civil rights. For relief, the complaint asks for damages.

No relief is available on Plaintiff's allegations. "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978) (additional citations omitted)). Furthermore, no relief is available on Plaintiff's separate claims against Defendant New Mexico Fifth Judicial District Court. In addition to judicial immunity noted above, a state district court is an agency of the state and is not, therefore, a " 'person[]' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' " *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64 (1989)). The Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's Motion For Free Process (Doc. 3), construed as a motion for leave to proceed in forma pauperis, is GRANTED; and an initial partial payment under § 1915(b)(1) is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE